IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILY SANABRIA, ex rel. J.S., a minor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | No. 13 C 9005 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Lily Sanabria's claim for Supplemental Security Income, on behalf of her minor son, J.S. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request for reversal of the Commissioner's final decision is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 28] is denied.

## PROCEDURAL HISTORY

On September 30, 2009, Plaintiff filed an application on behalf of her son alleging disability since September 16, 2009 due to attention deficit hyperactivity disorder ("ADHD"), predominantly inattentive type; sleep behavior disorder, parasomnia type; and learning disorder, NOS. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an

Administrative Law Judge ("ALJ"), which was held on April 18, 2012. Plaintiff and her son, the Claimant, personally appeared and testified at the hearing and were represented by counsel. Medical expert Dr. Allen W. Heinemann, Ph.D. also testified.

On June 28, 2012, the ALJ denied Claimant's request for benefits, finding that he was not disabled under the Social Security Act. For a child to qualify as disabled and thus eligible for SSI, he must have a "medically determinable physical or mental impairment, which results in marked and severe functional limitations . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations provide for a three-step framework for analyzing the disability claims of children. *See* 20 C.F.R. § 416.924(a). First, the ALJ must determine if the child is engaged in substantial gainful activity; if he is, there will be a finding of no disability. Second, if the child does not have a severe medical impairment or combination of impairments, that will also lead to a finding of no disability. Third, the ALJ must determine if the severe impairment(s) meet, medically equal, or functionally equal the Listings of Impairments found at 20 C.F.R. pt. 404, subpt. P, App. 1 and also meet the duration requirement. If so, that will lead to a finding of disability.

The ALJ in this case found at step one that Claimant had not engaged in substantial gainful activity since September 30, 2009, the application date. At step two, the ALJ found that Claimant had the severe impairments of learning disability, cognitive dysfunction, ADHD, and sleep disorder. The ALJ determined at

step three that his impairments, alone or in combination, did not meet or medically equal the severity of the listings, pursuant to 20 C.F.R. § 416.924(a) and SSR 09-2p.[1]

The ALJ next concluded that Claimant's impairments were not functionally equivalent to listing after analyzing the severity of the impairment in six domains: "(1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being." *Hopgood v. Astrue*, 578 F.3d 696, (7th Cir. 2009); *see* 20 C.F.R. § 416.926a(b)(1). The child's impairments "must be of listing-level severity; *i.e.*, it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a). The ALJ found that Claimant had a marked limitation in acquiring and using information; but less than marked limitations in attending and completing tasks, interacting and relating with others, and health and physical well-being; and no limitations in moving about and manipulating objects and caring for himself. Because she did not find marked limitations in two domains of functioning or an extreme limitation in one domain, the ALJ concluded that Claimant was not disabled since the application date.

The Social Security Administration Appeals Council denied Claimant's request for review, leaving the ALJ's decision as the final decision of the

---

[1] Interpretive rules, such as Social Security Rulings ("SSR"), do not have force of law but are binding on all components of the Agency. 20 C.F.R. § 402.35(b)(1); *accord Lauer v. Apfel*, 169 F.3d 489, 492 (7th Cir. 1999).

Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a claimant, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d

at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994); *see Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence.").

## ANALYSIS

Claimant argues that the ALJ's decision was in error because: (1) she failed to make a credibility finding with respect to Plaintiff Lily Sanabria's testimony; and (2) she did not properly evaluate the opinions in the file regarding the domains of attending and completing tasks and interacting and relating to others.

5

## I. CREDIBILITY

An ALJ's credibility determination is granted substantial deference by a reviewing court unless it is "patently wrong" and not supported by the record. *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007); *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that in assessing the credibility finding, courts do not review the medical evidence *de novo* but "merely examine whether the ALJ's determination was reasoned and supported"). However, an ALJ must give specific reasons for discrediting a claimant's testimony, and "[t]hose reasons must be supported by record evidence and must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Lopez* ex rel. *Lopez v. Barnhart*, 336 F.3d 535, 539-40 (7th Cir. 2003) (quoting *Zurawski*, 245 F.3d at 887-88); *see* SSR 96-7p.

Plaintiff points out that the ALJ failed to make any credibility determination regarding the testimony of Lily Sanabria. The Commissioner responds that the ALJ identified inconsistencies between her testimony and the record, which is sufficient cause for an adverse credibility finding. The Commissioner may be correct that any such discrepancies may be sufficient reasons for an adverse finding, but the ALJ did not make a credibility finding. The reviewing court is left to speculate about whether and/or to what extent Lily Sanabria's testimony was found credible and what the reasons for the finding might be. The ALJ's failure to articulate a

6

credibility finding, clarify the basis of any such assessment, or explain the effect of the assessment on the disability finding, was in error and warrants remand. *See Giles* ex rel. *Giles v. Astrue*, 483 F.3d 483, 488-89 (7th Cir. 2007); *cf. Buckhanon* ex rel. *J.H. v. Astrue* 368 Fed. Appx. 674, 678 (7th Cir. 2010) (unpublished opinion) (finding express credibility finding not necessary where it was "plain" that the witnesses' testimony was believed).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken with regard to the domain of interacting and relating with others. Specifically, the ALJ should determine whether the domain is met by evidence that Claimant lacked same-age friends, as described in SSR 09-5p.

## CONCLUSION

For the foregoing reasons, Plaintiff Lily Sanabria's request for reversal of the Commissioner's final decision is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 28] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

SO ORDERED.  ENTERED:

DATE:   **March 7, 2016**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**